1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MANUEL GONZALEZ, et al.

11          Plaintiffs,              No. 2:12-cv-1389 MCE GGH PS

12       vs.

13   SHEA MORTGAGE, INC. et al.

14          Defendants.             <u>ORDER</u>

15   _____/

16          Plaintiffs, proceeding pro se, filed this action on May 23, 2012 and paid the filing

17   fee.  Plaintiffs are alleged to be the owners of real property in Antioch, California and primarily

18   seek to cancel and invalidate alleged security interests in their property held by lenders and other

19   parties associated with the mortgage loan process.

20          The federal venue statute provides that a civil action "may be brought in (1) a

21   judicial district in which any defendant resides, if all defendants are residents of the State in

22   which the district is located; (2) a judicial district in which a substantial part of the events or

23   omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

24   the action is situated; or (3) if there is no district in which an action may otherwise be brought as

25   provided in this action, any judicial district in which any defendant is subject to the court's

26   personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

1    In this case, the complaint's allegations fail to show that venue in the Eastern

2    District of California is proper.  Plaintiffs do not allege that any of the defendants reside in the

3    Eastern District of California – instead, plaintiffs allege that all defendants are "doing business in

4    the County of Contra Costa, State of California," that the property at issue is located within the

5    County of Contra Costa, State of California, and that the "transaction and events which are the

6    subject matter of this Complaint all occurred within the County of Contra Costa, State of

7    California."  (Compl. ¶¶ 9-19, 22-23.)  Plaintiffs themselves are further alleged to be residents of

8    the County of Contra Costa.  (Compl. ¶ 7.)  Because Contra Costa County is located in the

9    Northern District of California, plaintiffs' action should have been filed in the United States

10    District Court for the Northern District of California.  Indeed, it appears that that was plaintiffs'

11    intention, because the cover page of the complaint specifically contains the caption for the United

12    States District Court for the Northern District of California.  Filing in this district was likely an

13    inadvertent error.

14    "The district court of a district in which is filed a case laying venue in the wrong

15    division or district shall dismiss, or if it be in the interest of justice, transfer such case to any

16    district or division in which it could have been brought.  28 U.S.C. § 1406(a).  Here, given that

17    filing in this district appears to have been an inadvertent error and that dismissal would require

18    plaintiffs to re-file the case and pay another filing fee, transfer is in the interest of justice.

19    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

20    United States District Court for the Northern District of California.

21    DATED: May 29, 2012

22    _/s/ Gregory G. Hollows_
     UNITED STATES MAGISTRATE JUDGE

23

24

25    GGH/wvr
     Gonzalez.1389.ven.wpd

26